UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.   1:05-cr-0024-02 (L/F) |
| | ) | |
| CARLOS OTERO, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable William T. Lawrence, Judge, on September 8, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on September 1, 2010, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held September 8, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.* Mr. Otero appeared in person and with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender. The government appeared by Josh Minkler, Assistant United States Attorney. Billie Gariess, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Michael Donahoe, Office of the Indiana Federal Defender, was appointed to represent Mr. Otero in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Otero and his counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Otero was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Otero was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Otero was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Otero was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Otero had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation entered on September 8, 2010.

7. Mr. Donahoe stated that Mr. Otero desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Otero then waived the preliminary hearing in writing and was held to answer.

8. Mr. Donahoe stated that Mr. Otero would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

9. The parties stated in open Court:

(1) That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Otero's supervised release in open Court that date.

(2) That both the government and Mr. Otero agreed that defendant committed the specifications of violations set forth in the Petition to Revoke defendant's supervised release, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**<br><br>As of August 30, 2010, Mr. Otero has failed to submit a written report for the month of July 2010. |
| 2 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion fo the fees. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."**<br><br>According to Mr. Otero's substance abuse treatment provider, Mr. Otero missed a treatment session on July 27, 2010, and has failed to reschedule to date. He also failed to appear for urinalysis at the U.S. Probation Office on February 5, 2010, and at the Volunteers of America on August 13, 2010, August 19, 2010, August 21, 2010, and August 24, 2010. |
| 3 | **"The defendant shall reside for a period of up to six months at a community corrections center as directed by the probation officer and shall observe the rules of that facility."**<br><br>On July 15, 2010, the offender left the community corrections center without authorization, and could not be located; therefore, he was terminated from the program. |

>Further, while at the community corrections center, the offender possessed contraband (cigarettes and a cellular telephone) and failed to pay subsistence fees as required.

**4**    **"The defendant shall not commit another federal, state or local crime."**

>On January 7, 2010, Mr. Otero was charged with Driving While Suspended and Possession of Hydrocodone in Marion County, Indiana, Case No. 49G141001FD004671. On July 21, 2010, the offender was convicted of Driving While Suspended and sentenced to 22 days incarceration. The Possession of Hydrocodone charge was dismissed per a plea agreement; however, on February 5, 2010, the offender admitted to this officer he possessed Hydrocodone without a valid prescription in relation to the above-mentioned charge.

**5**    **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**

**6**    **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**7**    **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

>On February 5, 2010, the offender admitted to possessing and consumed Vicodin in relation to his Marion County Possession of Hydrocodone charge in Case No. 49G141001FD004671. On February 15, 2010, the offender admitted to additional Vicodin use. On February 17, 2010, the offender admitted to also using cocaine. On August 18, 2010, Mr. Otero submitted a urine specimen that tested positive for cocaine and marijuana. These results were confirmed by Alere Laboratory.

The Court placed Mr. Otero under oath and directly inquired of Mr. Otero whether he admitted violations of the specifications of his supervised release set forth above. Mr. Otero stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Otero has a relevant criminal history category of II. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Otero constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Otero is 6-12 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Otero's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 14 months. Further, upon release from confinement, Mr. Otero will not be subject to supervised release.

5) Mr. Otero is to begin service of his sentence immediately.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulation.

Mr. Otero's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 14 months. The service of the sentence shall begin immediately. At the conclusion of Mr. Otero's term of confinement, he shall not be subject to supervised release. The Court recommends that the defendant serve his sentence at the Farm Camp at the Terre Haute Penitentiary in Terre Haute, Indiana.

The Magistrate Judge requests that Billie Gariess, U. S. Parole and Probation Officer,

prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

     Counsel for the parties and Mr. Otero stipulated in open court waiver of the following:

          1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

          2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Otero entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3583 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

     WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Otero's supervised release and the sentence imposed of imprisonment of 14 months in the custody of the Attorney General or his designee.  Further, that upon Mr. Otero's release from confinement, he will not be subject to supervised release.  It is recommended that the defendant serve his sentence at the Farm Camp at the Terre Haute Penitentiary in Terre Haute, Indiana.

IT IS SO RECOMMENDED this 9th day of September, 2010.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Josh Minkler,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal